UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5390 FMO (AGRx) | Date | September 29, 2021 |
|---|---|---|---|
| Title | Rogelio Arreola v. American K-9 Detection Services CA Inc., et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:    Attorney Present for Defendants:
None Present    None Present

**Proceedings:**   (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction

On or about May 28, 2021, plaintiff Rogelio Arreola ("plaintiff") filed a Complaint against American K-9 Detection Services CA, Inc. ("AMK-9 Inc."), Constellis Integrated Risk Management Services, Inc. ("Constellis Integrated"), and CACI, Inc. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1). On July 2, 2021, defendants AMK-9, Inc. and Constellis Integrated removed the case to federal court, claiming that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] (See id. at ¶ 10). On August 11, 2021, plaintiff filed a First Amended Complaint ("FAC") against Constellis Integrated as well as newly named defendants American K-9 Detection Services, LLC ("AMK-9, LLC") and Constellis, LLC ("Constellis, LLC") (collectively, "defendants"). (See Dkt. 14, FAC at ¶¶ 5-10).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties.[2] See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

---

[1] According to the NOR, plaintiff did not properly serve CACI, Inc. (See Dkt. 1, NOR at ¶ 11). In any event, plaintiff did not name CACI, Inc. as a defendant in its amended complaint filed after removal. (See, generally, Dkt. 14, First Amended Complaint).

[2] The court disregards "the citizenship of defendants sued under fictitious names" in assessing removal based on diversity of citizenship. 28 U.S.C.A. § 144. However, if a Doe defendant's existence and role is later identified, and the defendant is non-diverse, then the court will be deprived of subject matter jurisdiction if the defendant is properly joined. See 28 U.S.C. § 1447(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5390 FMO (AGRx) | Date | September 29, 2021 |
|---|---|---|---|
| Title | Rogelio Arreola v. American K-9 Detection Services CA Inc., et al. | | |

    To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611.  A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]") (internal quotation marks omitted).  Here, plaintiff's FAC alleges that AMK-9, LLC "is a Delaware limited liability company which does business throughout the United States, with its relevant place of business located" in Hawthorne, California.  (Dkt. 14, FAC at ¶ 5).  Plaintiff similarly alleges that Constellis, LLC "is a Virginia Limited Liability Company which does business throughout the United States, with its relevant business located" in Hawthorne, California.  (Id. at ¶ 6).  Because plaintiff did not explain who the members of the LLCs are and their state of citizenship, (see, generally, id. at ¶¶ 5-6), the court cannot determine whether it has subject matter jurisdiction.[3]

    Based on the foregoing, IT IS ORDERED that no later than **October 6, 2021**, defendants American K-9 Detection Services, LLC and Constellis, LLC shall provide declarations, under penalty of perjury, and supporting evidence, establishing the citizenship and residence of **each** of their partners, members, and owners.  The Order to Show Cause will stand submitted upon the filing written response that addresses the issues raised in this Order on or before the date indicated above.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the remand of this action to Los Angeles Superior Court for lack of subject matter jurisdiction**.

                              Initials of Preparer       gga

---

[3] Plaintiff's FAC also failed to properly allege the citizenship of Constellis Integrated. (See Dkt. 14, FAC at ¶ 7) (alleging that Constellis Integrated "is a Delaware corporation which does business throughout the United States").  However, the court is satisfied that Constellis Integrated is a diverse defendant based on its representations in the NOR.  (See Dkt. 1, NOR at ¶ 16).